WILLIAM H. HURLBERT *vs.* NEW ULM BASKET WORKS and others.

August 7, 1891.

**Mechanic's Lien—Complaint—Date of Filing Statement.**—A complaint in an action to enforce a mechanic's lien *held* demurrable because it failed to show that the lien was filed within the period limited by statute therefor.

**Same — Lien-Statement — Averment of Contract with Owner Unnecessary.**—Under the mechanic's lien law of 1889, (Laws 1889, *c.* 200,) it is not necessary that the recorded lien notice contain the averment that the labor or material for which a lien is claimed was furnished by virtue of a contract with the owner of the property or at his instance. It is.

v.47M.—6

enough that the notice conform to the specific requirements of the statute.

**Same—Statement as to Ownership of Premises.**—It being stated in the notice that the declarant was informed that a person named was the owner of the premises, and it appearing that he was in fact the owner, the notice was sufficient, although the averment was not stated to be in accordance with the "best" information possessed.

Action brought in the district court for Brown county, to enforce a mechanic's lien for $376.14. The defendants (except Clarke) severally demurred to the complaint. The demurrers were sustained by *Webber, J.,* and the plaintiff appealed.

*M. B. Webber* and *J. M. Thompson,* for appellant.

*Lind & Hagberg* and *Joseph A. Eckstein,* for respondents.

DICKINSON, J.  Appeal from an order sustaining a demurrer to the complaint in an action to enforce a mechanic's lien.  The complaint sets forth these facts:  While the defendant Pfeninger was the owner of certain land in the city of New Ulm, the New Ulm Basket-Works, a corporation, entered into a contract with one Clarke, whereby the latter undertook to erect and furnish machinery for a basket "manufactory" on the land.  Pursuant to a contract between Clarke and the plaintiff, the latter sold to Clarke materials and machinery to be used, and which were used, by Clarke in the performance of his contract with the corporation.  Of all this the defendants Pfeninger and Klossner are alleged to have had notice.  Klossner contracted with Pfeninger for the purchase of the land, subsequent to the purchase of the material and the completion of the manufactory.  It is alleged that neither Pfeninger nor Klossner ever gave notice, by service or by posting, as required by the provision of section 5 of the lien law, (Laws 1889, c. 200,) that their interest should not be subject to a lien.

The complaint is defective, in that it does not appear from its averments that the lien-statement was filed within the time limited therefor by statute.  The filing of such a statement within the prescribed time is essential to the existence, or at least to the continuance, of a lien, and, unless this be shown by the complaint, a cause of action is not stated.  The complaint alleges that the lien-statement was filed

on the 4th day of March, 1890, and that the material and machinery were furnished "*between* the 7th day of November, 1889, and the 5th day of December, 1889, both dates inclusive." This may have all been done and completed long prior to December 5th, and more than 90 days before March 4th, in which case the filing on that day would have been too late. What is set forth in the lien-statement annexed to the complaint does not help the pleading in this particular. It is not averred in the complaint that the fact was as had been set forth in the lien-statement. The pleading in no manner shows what the *fact* was in this particular, but, at most, only what had previously been stated to be the fact in the lien record.

The sufficiency of the lien-statement is questioned for the reasons —*First*, that it is not alleged therein that the materials and machinery were furnished by virtue of a contract with the owner of the property or at his instance; and, *second*, because it does not conform to the statutory requirement that it shall set forth "the name of the owner or reputed owner, at the time of making said statement, of the property charged with the lien, according to the best information then had." Section 8, subd. 5.

We deem the first of these objections to be not well founded, because the statute prescribes what should be set forth in the lien-statement, and this does not embrace a statement that the furnishing of labor or material was by virtue of a contract with, or at the instance of, the owner of the property. Our former decisions, among which are *Clark* v. *Schatz*, 24 Minn. 300, and *Keller* v. *Houlihan*, 32 Minn. 486, (21 N. W. Rep. 729,) holding that such a statement was necessary, were based upon the express requirement of the statute then in force. It was competent for the legislature to dispense with the necessity of embracing such a statement in the lien notice, as it did do when, in prescribing particularly what the notice should contain, it did not include any provision as to a statement of the contract relations of the lien-claimant with the owner of the property. What the statute may specifically require, with respect to the lien notice or statement, should not be confounded with the conditions of fact which may be necessary to the existence of a lien.

That part of the lien notice which is based upon the above-recited subdivision 5 of the statute is "that, at the time said material and machinery was furnished, it was supposed said premises belonged to and was owned by the New Ulm Basket-Works; but am now informed the said premises, upon which are situated said works, is owned by one Jacob Pfeninger." While this does not strictly comply with the terms of the statute, for lack of the statement that the person named as owner was such to the *best* information of the declarant, yet we deem it sufficient, in view of the fact that the person thus named as the supposed owner appears to have been really the owner. Such being the case, this recorded notice of lien was as effectual for the purposes intended as though it had been declared that, according to the *best* information possessed, Pfeninger was the owner.

It is not alleged in the complaint that the owner of the land whose estate is sought to be charged with a lien ever entered into any contract for, or authorized, the erection of any building upon, or the improvement of, his premises; and the only ground upon which the complaint can be deemed to show a right to charge his interest with a lien is that, knowing of the improvement, he did not serve or post the notice specified in section 5 of the lien law, to the effect that his interest should not be subject to a lien. In such a case, according to the terms of that section, the improvement is to be held to have been made at the instance of the owner, so as to subject his interest to a lien. While the statute specifies "knowledge" of the improvement made or to be made as the condition which imposes upon a land-owner the duty to give notice if he would prevent a lien attaching to his property, the question has been suggested whether the statute is to be so construed that mere knowledge of a land-owner that labor or material are being bestowed upon the erection of a building upon his land by any person—even a stranger with whom he stands in no contract relation—will subject his land to a lien, unless he gives the notice prescribed by statute. But, as this question was not fully argued, we will not rule upon it, the decision of this case not requiring a determination of that point. But, without intimating any opinion that the effect or application of this section of the statute would depend upon the relation of the party making the improve-

ment to the land-owner, or upon the nature of the improvement, we call attention to the fact that it does not appear what such relation may have been in this case, nor whether the "manufactory" erected was such that it became a part of the real estate. It may be added, to facilitate further investigation as to the construction and effect of section 5, that a statute similar to this has been in force in California since 1868, where it has come under judicial consideration. *Fuquay* v. *Stickney,* 41 Cal. 583; *Phelps* v. *Maxwell's Creek Gold Mining Co.,* 49 Cal. 336; *West Coast Lumber Co.* v. *Newkirk,* 80 Cal. 275, (22 Pac. Rep. 231;) *Harlan* v. *Stufflebeem,* 87 Cal. 598, (25 Pac. Rep. 686.) Also in Oregon, Hill's Ann. Laws, § 3672; *Allen* v. *Rowe,* 19 Or. 188, 191, (23 Pac. Rep. 901;) in Nevada, *Gould* v. *Wise,* 18 Nev. 253, (3 Pac. Rep. 30;) in New Mexico, Comp. Laws 1884, § 1539; and in Washington, Code 1881–83, § 1965.

Order affirmed.