D. M. FINLAYSON *et al. vs.* JOHN J. BIEBIGHAUSER *et al.*

Submitted on briefs Oct. 10, 1892. Decided Oct. 31, 1892.

**Mechanic's Lien Statement—Name of Owner.**

> The mechanic's lien law *held* not to imperatively require the lien statement filed to set forth the name of the owner of the property *"at the time of making said statement;"* it being sufficient that the ownership at the time of the making of the contract and the furnishing of the material is set forth.

Appeal by plaintiffs D. M. Finlayson, D. H. Moon and E. C. Long, partners as D. M. Finlayson & Co., and by John J. Biebighauser, one

of the defendants, from a judgment of the District Court of Ramsey County, *Otis*, J., entered July 15, 1891.

On December 18, 1889, Joseph L. Forepaugh was the owner of lot two (2) in block three (3) of Forepaugh's Division "A" to St. Paul. On that day he entered into an executory contract with Sverke O. Johnson, whereby he agreed to convey the lot to Johnson upon certain terms and conditions. Johnson entered into possession of the lot, and on February 10, 1890, commenced the erection of a dwelling house thereon. June 16, 1890, Forepaugh and wife, pursuant to the contract, made and delivered to Johnson a warranty deed of the lot. The deed was dated December 18, 1889, and recorded June 17, 1890. On September 15, 1890, Johnson conveyed the lot by warranty deed to Martha J. Logan. The house was erected for Johnson by Charles Dalquist, under a written contract. D. M. Finlayson & Co., John J. Biebighauser, and others, between April 10, 1890, and July 27, 1890, furnished materials to Dalquist for the erection of the house. On September 3, 1890, Finlayson & Co. filed in the office of the Register of Deeds a statement of lien for the materials furnished by them. The statement was in all respects as required by Laws 1889, ch. 200, except that it failed to state the name of the owner or reputed owner of the property at the time of making the statement. The only averment as to ownership was that the materials were furnished and used in the erection of a dwelling house, "then and there being erected by said Dalquist upon a contract therefor with the owner thereof, S. O. Johnson," etc. The lien statement filed by Biebighauser on October 22, 1890, alleged that Johnson was the owner of the property at the time the contract was made and the materials furnished, but contained no averment as to the owner or reputed owner at the time the lien statement was made.

This action was brought in January, 1891, by D. M. Finlayson *et al.* to foreclose their lien. Dalquist, Johnson, Martha J. Logan, then the owner of the lot, Biebighauser, and the other lien claimants, were made defendants. The action was tried, and on June 19, 1891, the court made findings, in which it determined that neither plaintiffs nor defendant Biebighauser were entitled to a lien on the lot; that their lien statements were defective in not stating who owned

the lot. Judgment was entered in accordance with the findings, and plaintiffs and defendant Biebighauser appealed.

*C. D. & Thos. D. O'Brien*, for appellants D. M. Finlayson & Co.

It is impossible to point out any prejudice that could have resulted from the omission of a specific statement of ownership of the lot in the lien statement. Section nine (9) of the lien law means that the requirements of Laws 1889, ch. 200, must be liberally construed. It was to cure just such defects as this that this section was inserted.

*T. R. Palmer*, for appellant Biebighauser.

The lien statement of this appellant alleged the ownership of the property at the time of making the contract and of furnishing the materials, and at a time within ninety days of the making of the statement. This is practically an allegation of ownership at the time the statement was made, for, the ownership once established, the law presumes it to remain unchanged.

But conceding that it is not practically a statement of ownership at the time of filing the claim, the omission is not fatal to the lien. The lien law must be complied with in matters of substance, but a statement of ownership on the very day of filing the claim is not a matter of substance. It would not be necessary to plead or prove it in an action to enforce the lien claim. The ownership at the time of making the contract and furnishing the materials is the substantial and material thing. *O'Neil* v. *St. Olaf's School*, 26 Minn. 329; *Morrison* v. *Philippi*, 35 Minn. 192. The construction here contended for, is not more liberal than the construction this court has already adopted under a law much more exacting than the present one. *Morrison* v. *Philippi*, 35 Minn. 192; *Lax* v. *Peterson*, 42 Minn. 214; *Leeds* v. *Little*, 42 Minn. 414; *Johnson* v. *Stout*, 42 Minn. 514; *King* v. *Smith*, 42 Minn. 286; *Linne* v. *Stout*, 41 Minn. 483; *St. Paul & Minn. Pressed Brick Co.* v. *Stout*, 45 Minn. 327.

Unlike the old law, under which these cases were decided, Laws 1889, ch. 200, contains a saving clause. Section 9 expressly provides that the validity of a lien shall not be affected by "any inaccuracy in the statement of the name of the owner or reputed owner

of such property," etc. Appellant insists that this section includes just such mistakes as occurred in his lien statement. To claim that the legislature intended a statement of the actual owner at the time the improvement was made, without a statement of the reputed owner at the time of filing, to be fatal to the lien, while a mere statement of some name as owner at the time of filing the statement, whether correct or not, is sufficient, would be absurd.

*Williams & Schoonmaker*, for respondent Logan.

Laws 1889, ch. 200, requires the lien statement to contain the name of the owner or reputed owner, at the time of making the statement, according to the best information then had. All lien laws contain requirements in relation to the name of the owner more or less exacting. Courts have universally held this requirement to be of substance and material, and failure to comply therewith, incurably fatal. Phillips, Mech. Liens, § 345; *Kelly* v. *Laws*, 109 Mass. 395; *Amidon* v. *Benjamin*, 128 Mass. 534; *McPhee* v. *Litchfield*, 145 Mass. 565; *Cleverly* v. *Moseley*, 148 Mass. 280; *Kezartee* v. *Marks*, 15 Oreg. 529; *Allen* v. *Rowe*, 19 Oreg. 188; *Reindollar* v. *Flickinger*, 59 Md. 469. The old law required the lien to state the owner at the time the materials were furnished; the new law at the time the statement is made. This court has held it fatal to fail to state the name of the owner under the old law. *Morrison* v. *Philippi*, 35 Minn. 192; *Rugg* v. *Hoover*, 28 Minn. 404. Why is it not fatal under the new law? The principle is the same in both cases.

Section 9 of the lien law is not a panacea for every experiment or blunder made in drawing liens. The legislature said that any "inaccuracy" in the name of the owner should not invalidate the lien. Had it intended to provide that a total failure to state the name should not be fatal, it would have said so in clear language. This section is evidently intended to cover cases where the name is not stated accurately, but where the identity of the person is evident.

At the time of making the Biebighauser statement the deed to respondent Logan was on record. Appellant was charged with notice of it, and his statement was not true "according to the best information then had."

DICKINSON, J. These appellants claim and seek to enforce mechanics' liens upon certain real estate of the respondent Johnson on account of building materials sold by them to one Dahlquist, who had contracted with Johnson for the erection of a building for the latter. These claims were disallowed in the district court for the reason that the statements of the lien claims filed by the appellants were deemed insufficient under the statute.

The statute (Laws 1889, ch. 200, § 8) provides that the statement shall set forth " * * * (5) the name of the owner or reputed owner, *at the time of making said statement,* * * * according to the best information then had." The lien statement of the appellant Biebighauser failed to set forth the ownership of the property at the time of the making of the same, but it alleged the ownership of Johnson at the time of the making of the contract between the appellant and the principal contractor, Dahlquist, and at the time of the furnishing of the material to the latter. We are of the opinion that the statute discloses an intention on the part of the legislature that the provision above recited, respecting the statement of the name of the owner, should not be deemed imperative to be enforced according to its strict letter. The language of the requirement does not seem to make it absolutely essential that the ownership be correctly or positively stated. The name of the owner or *reputed* owner, *according to the best information* of the claimant, is all that is called for. And in section 9 of the same law it is declared that "the validity of the lien shall not be affected * * * by any inaccuracy in the statement of the name of the owner or reputed owner of such property." It being thus apparent that the legislature intended that an *erroneous* statement of the name of the owner should not necessarily invalidate the lien, we cannot entertain the view that the closely associated and less important provision as to the *time* to which the statement is to refer was intended to imperatively require the allegation of ownership to relate strictly and inflexibly to the time of the making of the statement. It is not probable that it was intended that an *erroneous* statement of the name of the owner should not invalidate, but that a *correct* statement of the ownership at the definite and important time of the making of the contract and the furnishing

of the material for which the property is chargeable should be insufficient, and that a failure to make the allegation as of the time of the making of the statement should be fatal to the lien claim. Taking together both of the above-recited provisions, we think that the former (subdivision 5) should be construed as directory rather than imperative, and that exact compliance with its letter was not necessary. In *Hurlbert* v. *New Ulm Basket Works,* 47 Minn. 81, (49 N. W. Rep. 521,) the effect given to this section was in harmony with the decision now made. An allegation by the lien claimant that he was informed that a person named was the owner (as in fact he was) was held sufficient, although there was no averment that this was according to the "*best* information" of the declarant. In the case before us the purpose of the law, the giving of notice, must be deemed to have been accomplished. The property was accurately described, and the name of the person owning it at the important stage of the proceedings, when the contract was made and the materials furnished, for which the premises became chargeable, as well as that of the principal contractor, and the proper relation of those persons, were set forth. There could have been no prejudice from the failure to comply strictly with that part of the statute here in question, and which is deemed to have been directory rather than peremptory.

The case of the appellants Finlayson and others is deemed not to be essentially different from that of Biebighauser, although the statement is somewhat more meagerly expressed. In effect, and as serving the purpose of a notice, it is substantially the same as the other.

The conclusion is that the judgment appealed from should be modified so as to allow and enforce liens upon the property in favor of the appellants for the amounts found due to them, respectively, and the cause will be remanded to the district court, where this conclusion will be carried into effect.

(Opinion published 53 N. W. Rep. 362.)