Argued February 10, decided March 9, rehearing denied April 27, 1909. Costs retaxed June 8, 1909.

## LITHERLAND v. COHN REAL ESTATE CO.

[100 Pac. 1; 102 Pac. 308.]

Mechanics' Liens—Agreement or Consent of Owner.

1. Under Section 5640, B. & C. Comp., providing that every contractor shall have a lien for the work done in the construction of the building at the instance of the owner or his agent and that every architect having charge of the construction of a building shall be deemed the agent of the owner, a contractor claiming a lien must show a contract with the owner, or with his

authorized agent, and a contractor relying on a contract with an architect employed only to make plans, under an agreement for compensation if the owner proceeds with the construction of the building, is not entitled to a lien, where the owner had decided not to erect the building.

COSTS—ON APPEAL—UNNECESSARY MATTER.

2. Under Supreme Court rule 9, 50 Or. 574 (91 Pac. IX), requiring the abstract of the record to contain so much of the complaint, etc., involved in the appeal as may be necessary to explain the questions raised, costs will not be allowed for the printing of pleadings having no bearing on the issues on appeal and unnecessarily included in the abstract.

COSTS—ON APPEAL—TRANSCRIPT OF EVIDENCE—CARBON COPY.

3. Under Supreme Court rule 8, 50 Or. 573 (91 Pac. IX), providing that "in equity cases the brief shall contain such portion of the evidence as may be deemed material * * in either narrative form or by question or answer," the expense of a carbon copy of the transcript of evidence on appeal is not a proper disbursement.

From Multnomah: ARTHUR L. FRAZER, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit by F. L. Litherland against the S. Morton Cohn Real Estate & Investment Company, to foreclose a mechanic's lien. In December, 1906, defendant contemplated the erection of a six-story building on the northwest corner of Eleventh and Washington streets, Portland, Oregon, and accordingly employed Emil Schacht as architect therefor. The contract between defendant and Emil Schacht provides that as defendant is to erect a six-story building, and Schacht is to be the architect of the same, it is agreed that, if the bids received by Schacht for the erection of the building should exceed $130,000 for its total cost, the defendant is to have the privilege of declining to build, and provides what fees Schacht is to have in case defendant does not proceed with the building, and what, in case it does build, and that defendant reserves to itself the right of directing, through its representatives, all work and maintain control of the same. Bids for the concrete and grading work were received by Schacht on February 16, 1907, and plaintiff was the lowest bidder therefor, at the price of $6,500. Defendant declined to make any contract for the grading and cement work until all the bids should be received, that it might know the total cost. The bids

for the balance of the structure were taken March 6, 1907, and defendant declined to proceed with the erection of the building, because the bids ran too high. The testimony on behalf of plaintiff tended to show that Schacht stated to plaintiff that his bid was the lowest and directed him to proceed with the work. Schacht, however, denies that he directed him to proceed. Plaintiff immediately began excavating and performed work to the amount of $603, when he was directed to stop, and he thereupon filed a notice of lien upon the property for said amount, and brought this suit to foreclose the same. Defendant answered the complaint. The cause was tried, and the court made findings in favor of plaintiff and rendered a decree thereon, from which defendant appeals.

                    REVERSED: SUIT DISMISSED.

For appellant there was a brief over the names of *Messrs. Bernstein & Cohen,* with an oral argument by *Mr. Alex Bernstein.*

For respondent there was a brief over the names of *Messrs. Cake & Cake,* with an oral argument by *Mr. William M. Cake.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. To establish a mechanic's lien upon a lot or building, the claimant must connect himself with the owner, either by showing that the claimant contracted with the owner or his agent (Section 5640, B. & C. Comp.), or that he performed the work for one who was erecting the building with the owner's consent (Section 5643). Section 5640, B. & C. Comp., provides that every mechanic, contractor, and laborer, performing labor in the construction of a building, shall have a lien thereon for the work done, at the instance of the owner of the building or his agent; and every contractor, architect, or builder, having charge of the construction of the building, shall be held to be the agent of the owner, for

the purposes of this act. Plaintiff contends that the architect was the agent of the owner in this case in making the contract with plaintiff, but we find in the record no authority for the architect to make contracts for the erection of a building; but the architect's contract with defendant related only to the plans and his compensation and matters relating thereto, in case defendant proceeded with its construction. It is held in *Rankin* v. *Malarkey*, 23 Or. 593 (32 Pac. 620: 34 Pac. 816), that the claimant must connect himself with the owner of the property by contract, by showing that the claimant contracted with the owner or his agent. So far as that case requires that fact to be stated in the notice of lien, it is overruled in *Osborn* v. *Logus*, 28 Or. 302 (37 Pac. 456: 38 Pac. 190: 42 Pac. 997); but otherwise it is followed. In that case Judge WOLVERTON says: "Whether the person for whom the labor is done or to whom the materials are furnished was an agent under the statute, or had authority to bind the owner, and entitle the laborer or material man to a lien, is a matter of pleading and proof at the trial." This was again affirmed in *Smith* v. *Wilcox*, 44 Or. 323 (74 Pac. 708: 75 Pac. 710), in which Judge WOLVERTON says: "To facilitate the acquirement of the lien, however, the statute has made the original contractor an agent of the owner, while in charge of the construction. Necessarily he is given the primary control thereof. He may authorize some other person to superintend or take the management of the work, or the parties may agree that an architect or a special builder shall be in charge; but unless there is some such provision to shift the supervision he is necessarily intrusted with it. Being in entire charge therefore of the construction, he may subject the building to a lien by the employment of any person to perform labor or furnish material therefor. * * The principle upon which mechanics' liens are upheld, where they are given to persons other than those contracting directly

with the owner, is that the contractor becomes, for the purpose of the statute, an agent of the owner, and thus do all such persons indirectly contract with the owner."

The plaintiff does not claim as a laborer or subcontractor, but as an original contractor with the owner, and to entitle him to a lien he must show a contract directly with the owner, made by an agent having authority to bind the owner; but the defendant did not at any time decide to erect the building or give any one authority to contract with relation thereto. The architect was not authorized to make the conract for the construcion of the building and could make none that would bind the owner, and therefore the plaintiff has no contract with the defendant or lien upon its property.

The decree of the court below will be reversd, and suit dismissed.                    REVERSED: SUIT DISMISSED.

---

Decided June 8, 1909.

## ON MOTION TO RETAX COSTS.

[102 Pac. 303.]

MR. JUSTICE EAKIN delivered the opinion of the court.

2. Three items of cost were objected to by plaintiff: (1) "Printing abstract of record, $22.00," for the reason that it contains 10 pages of unnecessary matter; (2) "cost of transcript of testimony, $37.80," for the reason that the actual sum paid therefor was $28.50; (3) "printing brief, $83.00," for the reason that the testimony is printed in full, containing 40 pages more than was necessary. The clerk sustained these objections, and the defendant moves the court to retax the costs. Rule 9 of this court (50 Or. 574: 91 Pac. ix) requires that the abstract shall contain so much of the complaint, answer, motions, and demurrers, and rulings thereon, if involved in the appeal, and the judgment or decree, as may be necessary to explain the questions raised on the appeal. In this case the abstract contains the pleadings in full, with the

verifications, decree, and notice and undertaking on appeal.

But two issues were involved on the appeal: The ruling on demurrer to defendant's cross-complaint setting up a claim for damages, which seems to have been afterwards abandoned; and the authority of Schacht, as architect, to bind the defendant by a builder's contract. The portion of the complaint relating to the lien and the statement of relief sought and verification thereto, the demurrer to the complaint and ruling thereon, had no bearing upon these issues, and were unnecessarily included in the abstract. Also, the decree, notice, and undertaking on appeal were improperly included, making ten pages of unnecessary printing.

3. Defendant admits that the transcript of evidence cost only $28.50, but claims the additional $9.45 was paid for a carbon copy thereof. This is not a proper disbursement. Rule 8 (50 Or. 573: 91 Pac. ix) provides that "in equity cases the brief shall contain such portion of the evidence as may be deemed material * * in either narrative form or by question and answer." This allows some latitude and discretion for the attorney as to what is necessary and the form in which it shall be printed. The testimony of Emil Schacht and of the plaintiff's direct and cross-examination, and two or three pages of Schacht's testimony on rebuttal, were material, although this might have been abbreviated to some extent. That, however, was in the discretion of the attorney; but there are about 23 pages of the evidence, the printing of which was unnecessary and improperly charged as disbursements.

We will disallow $23 of the charge for printing the brief, deducting from the cost bill $42.45 in all, and retaxing the cost bill at $138.10.

REVERSED: DISMISSED: COSTS RETAXED.