[Filed May 1, 1890.]

## ALLEN & KROSEL, APPELLANTS, v. GEO. M. ROWE, E. R. HAWES AND WM. LOEB, RESPONDENTS.

MECHANIC'S LIEN—NOTICE—NAME OF OWNER.—A notice of lien sufficiently gives the name of the owner of the land where the building or erection was placed which says: "Said real estate reputed to be owned by one E. R. H. and said building reputed to be owned by one G. M. R."

MECHANIC'S LIEN—KNOWLEDGE OF THE OWNER OF LAND—WHEN MUST BE SHOWN.—In case some person other than the owner of the land employs a material man or laborer to furnish material or to perform labor upon a building or erection on such other's land, something more is necessary to reach the title of such owner than to insert his name as owner in the notice filed with the county clerk, or to say that he is such owner or reputed owner. It must be made to appear somewhere in the record that such building or improvement was placed on his lands with his knowledge; and then the lien can only be defeated by such owner making it appear that within three days after he obtained *knowledge* of the construction, alteration or repair of such building or other improvement, he posted notice in writing that he would not be responsible for the same, which notice must be posted in a conspicuous place upon said land, or upon the building or other improvement situated thereon.

APPEAL from Clatsop county: F. J. TAYLOR, judge.

This is a suit to foreclose a lien for labor performed and material furnished at the request of the defendant Rowe on the premises described in the complaint, being a parcel of ground situate in the city of Astoria. Hawes owns the lot in fee, but leased the same to Rowe for the period of five years from the first day of November, 1888. Rowe employed the plantiffs to erect the building, who, on the twenty-third day of January, 1889, and within thirty days from the time of the furnishing of the materials and the performance of said labor, filed with the county clerk of Clatsop county, Oregon, notice of their lien. The defendant Loeb was made a defendant because he held a mortgage made by the defendant Rowe on his interest in the premises to secure the payment of a note for $1,000, which note and mortgage were dated on the twenty-seventh day of November, 1888, which was duly recorded in the office of the county clerk of Clatsop county, Oregon, on the twenty-eighth day of November, 1888, and after the plaintiffs had commenced to furnish said materials and to perform the labor for which they claim a lien. The following is the notice of lien filed by the plaintiffs of their intention to hold a lien on said

premises except the itemized statement for materials and labor, to wit:

"STATE OF OREGON, ⎱ ss.
    County of Clatsop. ⎰

"To whom it may concern: Be it known that we, the undersigned, B. F. Allen and Fred Krosel, as partners under the name and style of Allen & Krosel, painters and contractors, hereby give notice that we claim a mechanic's and artisan's lien upon the following real estate, to wit: Beginning at a point two feet east of the northwest corner of lot 2, block 58; thence easterly and parallel to the center of Chenamus street twenty-three feet; thence southerly and at right angles to center of Chenamus street sixty feet; thence westerly twenty-three feet; thence north sixty feet to place of beginning; in the town (now city) of Astoria, as laid out and recorded by John McClure in Clatsop county, Oregon, and upon the building constructed thereon, known and called the 'Tillamook Light Saloon'; said real estate reputed to be owned by one E. R. Hawes, and said building reputed to be owned by one Geo. M. Rowe, for the following labor performed and materials furnished by us in the construction and completion of said building, to wit": * * *

The cause was referred to Chas. E. Runyon to take the evidence and report the same to the court.

Upon the evidence thus taken, the cause was tried before the court and the following findings of fact and law were made: "First—That the claim of lien made by the plaintiff herein does not contain the name of the owner nor reputed owner of the property attempted to be charged with the the said lien at the time the said labor was performed and the materials were alleged to have been furnished.

"Conclusions of law: First—That said alleged claim of lien is insufficient and void. Second—That said suit should be dismissed." Then followed a decree in accordance with the findings.

*W. M. Kaiser*, for Appellant.

*C. W. Fulton*, for Respondent.

STRAHAN, J., delivered the opinion of the court.

The right to a lien on a building for material and labor is conferred by statute, and the party claiming such lien must show a substantial compliance with the requirements of the statute or the lien must fail.

In *Kezartee* v. *Marks*, 15 Or. 529, we had occasion to consider to some extent the question raised by the respondent Hawes, and we there held that to affect the land with the lien the name of the owner or reputed owner must be given in the notice; that such requirement in the statute was one of substance and could not be dispensed with; and further, that when the title to the house or structure and title to the land were in different persons, and the notice specifies the name of the owner of the building or structure, but not the name of the owner of the land, the lien might attach to such building but not to the land. The only real question that the court below seems to have considered was the sufficiency of the plaintiffs' notice. On that question I think there can be no doubt.

After describing the building and the real property sought to be charged with the lien, the notice proceeds: "Said real estate reputed to be owned by one E. R. Hawes and said building reputed to be owned by one Geo. M. Rowe." On the point of objection ruled against the appellants by the court below, the notice is sufficient. But a further question seems also to demand attention. One object of this suit is to reach the title of the owner of the land upon which the building is erected and to subject it to the lien. In case some person other than the owner employs a material man or laborer to furnish material or to do labor upon such land. something more is necessary to reach the title of such owner than to insert his name in the notice filed with the county clerk and to say that he is such owner or reputed owner.

Section 3672 of Hill's Code was evidently designed by the legislature to meet such case. It provides: "Every building or other improvement mentioned in section 3669

constructed upon any lands *with the knowledge of the owner* or the person having or claiming any interest therein shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein; and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this act, unless such owner or person having or claiming an interest therein shall, within three days after he shall have obtained *knowledge* of the construction, alteration, or repair, give notice that he will not be responsible for the same, by posting a notice in writing to that effect in some conspicuous place upon said land, or upon the building or other improvement situated thereon."

Under this section when the owner of the land did not employ the laborer or material man to furnish the materials, but the same was done by some other person, it must have been done with the *knowledge* of the owner or person having or claiming an interest in the land. In such case *knowledge* of the owner or person having or claiming an interest must exist and be shown as a fact. When this fact does appear, the lien reaches and binds his interest unless he relieved himself in the manner provided in the section by posting the notice within three days after he obtained such knowledge.

I have looked carefully through the pleadings and evidence to see if the fact in any manner appeared, but am unable to discover it. There will, therefore, be a decree foreclosing the lien of the plaintiffs against the building described and the leasehold interest of Geo. M. Rowe in the land described, the building to be sold separately from the land if the plaintiff so elect; otherwise the building and the interest of the defendant Rowe in the land may be sold together, and the proceeds of the sale shall be applied, first, to the payment of the lien of the plaintiff, and next to the mortgage of the defendant Loeb, which is hereby directed to be foreclosed.

The decree of the court below will be reversed and a decree entered here in accordance with this opinion.