Argued January 28; decided March 12, 189**5**.

## CROSS *v.* TSCHARNIG.

[39 Pac. 540.]

| 27 | 49 |
| 28 | 319 |
| 27 | 49 |
| 32 | 447 |

1. CONNECTING CLAIMANT WITH OWNER IN LIEN NOTICE.— A notice of lien
   reading: "Know that C. has, by virtue of a contract heretofore made
   with T., a lien for materials furnished in the alteration and repair of a
   certain two-story building constructed on the following described land
   *  *  *.  That R. is the owner of said building, and T. is in possession of
   the same under a contract and bond for the purchase thereof," sufficiently
   shows the connection between the claimant and the property owner:
   *Rankin* v. *Malarkey*, 23 Or. 593, distinguished.

2. NOTICE OF LIEN — CONTRACT BY OWNER — CODE, ? 3672.— Knowledge by the
   owner of land that improvements are being made on his land is necessary
   to sustain a lien thereon for work or materials used in such improve-
   ment;* thus, a mechanics' lien claim, which states that the material
   was furnished to one person, and that the land was owned by another,
   but does not state that the material was furnished at the request of the
   owner, is fatally defective, though it alleges that the person to whom the
   material was furnished was in possession of the land under a contract of
   purchase with the owner.

APPEAL from Clackamas: THOS. A. McBRIDE, Judge.

This is a suit by Harvey E. Cross against Kasper
Tscharnig and others to foreclose two mechanics' liens,
one filed by the Gladstone Sawmill Company, to secure
the sum of three hundred and forty-nine dollars, for lum-
ber furnished the defendant Tscharnig, and the other by
the Oregon City Sash and Door Company, to secure the
sum of ninety-three dollars for doors, sash, windows,

*This case is much like *Sellwood Lumber Company* v. *Monnell*, 26 Or. 267, in that the
materials were furnished in both cases without the knowledge of the owner of the
fee.  No case, however, has yet been before this court in which it was attempted to
hold the fee when the work was done without the owner's knowledge, but he was
informed of it after completion, and failed to post a notice within three days there-
after, as provided for in section 3672 of Hill's Code.— REPORTER.

27 OR.—7.

etc., furnished the same party.  Each claim of lien was duly assigned to plaintiff before suit was instituted.  The complaint shows that the materials described in the claims of lien were sold and delivered to the defendant Kasper Tscharnig under contract, and at his especial instance and request, and that the defendant H. W. Ross is the owner and reputed owner of the lands and building upon which the improvements were made.  There was no allegation, however, that the materials were sold with the knowledge of Ross.  A decree having been rendered for the plaintiff, sustaining a lien on both the house and the land, the defendant Ross appealed.          REVERSED.

For appellant there was a brief and an oral argument by *Mr. William Wallace Thayer.*

For respondent there was a brief and an oral argument by *Mr. Harvey E. Cross in pro. per.*

Opinion by MR. JUSTICE WOLVERTON.

1.   The mill company's claim, so far as it is necessary to quote it here, is in the following language: "Know all men by these presents that the Gladstone Sawmill Company have, by virtue of a contract heretofore made with Kasper Tscharnig of Oregon City, Oregon, a lien for materials furnished in the alteration and repair of a certain two-story building constructed and being upon the following described land, to wit: The north half of lot eight (8) in block twenty-seven (27), Oregon City, Oregon. That H. W. Ross is the owner of said building, and that Kasper Tscharnig is in possession of the same under a contract and bond for the purchase of the same." Then follows the statement of the account or demand. The sash and door company's claim is in almost the same language. The said claims meet the objection to the claim

of lien filed in *Rankin* v. *Malarkey,* 23 Or. 593, (32 Pac. 620, 34 Pac. 816,) and that case is, therefore, not in point as authority against the liens herein claimed.

2. There are other objections, however, to the sufficiency of the complaint raised by the defendant Ross, which we will now examine. The statute provides primarily for a lien upon the building. If, however, the land upon which it is constructed belongs to the person who caused the building to be erected, improved, altered, or repaired, then the land upon which the building is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, is also subject to the lien, to the extent of his interest therein. But if the land does not belong to the person causing the building to be erected, or alterations made, then, if built "with the knowledge of the owner of the land or person claiming an interest therein, the building shall be deemed to have been constructed or the alteration made at the instance of such owner or person claiming an interest therein," unless by proper notice he disavow responsibility therefor:* *West Coast Lumber Company* v. *Newkirk,* 80 Cal. 278 (22 Pac. 231). So that it is apparent the statute contemplates a lien on the building primarily. The owner thereof, by causing the building to be erected or alterations made thereon, may subject it to a mechanics' lien. For the purpose of binding him, the labor may be done or materials furnished either at his instance or that of his agent, and the statute expressly provides that every contractor, subcontractor, architect, builder, or other person having charge of the

* Section 3672 of Hill's Code is referred to here. It is a copy of section 1192 of the Code of Civil Procedure of California, which was construed in *West Coast Lumber Company* v. *Newkirk,* 80 Cal. 278, (22 Pac. 23,) where the court held that if the owner of the fee knew of the work being done, then his fee was subject to the lien, unless he should within three days after he learned of the work, post a notice disavowing responsibility. It was also there held that the posting of the notice is a matter of defense, and need not be referred to at all in the complaint.—REPORTER.

construction, alteration, or repair, in whole or in part, shall be held to be such agent. Secondarily, if the owner of the land is some person other than the owner of the building, then his consent is presumed, in the absence of notice to the contrary, if he have knowledge of the progress of the improvement. The building must be erected or repairs or alterations made at the instance of the owner or his agent, which is the same thing, under the maxim *qui facit per alium facit per se.* If, therefore, the building be erected or repairs or alterations made at the instance of some other person than the owner, the lien cannot attach. A stranger or intermeddler could not thus encumber the property of another. See sections 3669, 3670, and 3672 of Hill's Code of Oregon. Now the claims filed state that the defendant Ross is the owner of the building, and that the materials were furnished under contract with and at the instance of the defendant Kasper Tscharnig. The allegations of the complaint are to the same effect. So we have here both the claim of lien and complaint, which concurrently show that the materials were furnished at the instance of a person other than the owner of the building, to wit, Kasper Tscharnig. There exists no statement or allegation anywhere, either in the claims of lien or the complaint, that H. W. Ross, the owner of the building, caused the materials to be furnished, or that the same or any part thereof were furnished at his instance or request. True, it is shown that Kasper Tscharnig was in possession of the premises under contract with Ross for the purchase of the same, but this fact does not change the relations of the parties under the allegations of the complaint. What the terms of this contract are we are not informed. It would seem, therefore, that the complaint is insufficient to support the liens in this respect. If, however, it be claimed that the consent of Ross will be presumed under section 3672, and that the lien therefore

attaches to the building as well as to the land, the allegations of the complaint are insufficient to support the contention, as they do not show that the improvements or alterations were made with the knowledge of Ross: *Allen v. Rowe,* 19 Or. 188 (23 Pac. 901). The complaint as to both causes of suit is clearly insufficient, and the demurrer should have been sustained. The decree of the court below is therefore reversed, and the cause remanded for such other proceedings as may be deemed advisable not inconsistent with this opinion.          REVERSED.