Enc. Law (1st. Ed.), 260. Section 1846, Hill's Ann.
Laws, which defines the crime and affixes the penalty,
is found in the Code of Criminal Procedure, and was
not enacted as a part of the election laws which govern
general and special elections within the state, and is
not restricted to such elections. It is a general statute,
constituting it an offense for any person to vote at any
legally authorized election, knowing himself not en-
titled by law to vote at such election. The election in
question was legally authorized, and is therefore within
the purview of the statute. The judgment of the
court below will be reversed, and the cause remanded,
with directions to the lower court to overrule the
demurrer.

REVERSED.

Decided February 28, 1898; rehearing denied.
HUNTER *v.* CORDON.
[52 Pac. 182.]

MECHANIC'S LIEN — PLEADING KNOWLEDGE OF OWNER.— Where it is sought
to foreclose a lien for the cost of repairs made for a stranger to the title,
the complaint must allege that the owner knew of such repairs being
made: *Allen* v. *Rowe*, 19 Or. 188, and *Cross* v. *Tscharnig*, 27 Or. 49, cited.

From Douglas: J. C. FULLERTON, Judge.

Suit by John Hunter against Caroline and Jake.
Cordon to foreclose an alleged lien for materials sold
to be used in repairing a building belonging to the
defendant Caroline. Plaintiff appeals from a decree
against him.

AFFIRMED.

For appellant there was a brief over the names of
*Wm. R. Willis* and *Andrew M. Crawford,* with an oral
argument by *Mr. Willis.*

For respondents there was a brief over the names
of *Brown* and *Tustin,* with an oral argument, by *Mr.
Fred Page-Tustin.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is a suit to foreclose a mechanic's lien for
material furnished to be used in repairing a building.
The answer, after denying the material allegations of
the complaint, avers that said material was supplied
under an agreement that the value thereof would be
paid in labor to be performed by the defendant, Jake
Cordon, who at all times had been ready, able and
willing to keep his part of said contract, but that
plaintiff, though requested to furnish him employ-
ment, had neglected to do so. The reply having put
in issue the allegations of new matter contained in
the answer, and a trial being had thereon, the court
was unable to find from the evidence that any con-
tract had ever been entered into by which the value
of the materials furnished was to be paid in labor, but
found that the defendant Caroline Cordon, who is the
wife of Jake Cordon, was the owner of the real estate
upon which the improvement was made, that she did
not enter into any contract with plaintiff for such im-
provement, and that her property was not subject to
a lien for material supplied to her husband, and dis-
missed the suit, from which decree plaintiff appeals.

Counsel for plaintiff, relying on the provisions of

section 3672, Hill's Ann. Laws, for a reversal of the decree, contend that, inasmuch as Caroline Cordon was living in the building at the time it was repaired, and had knowledge of the improvement being made, and did not post a notice in writing in any conspicu- ous place upon the land or building, to the effect that she would not be responsible for the value of the ma- terial used in making the repairs, the lien attached to the premises, and the court erred in dismissing the suit.    Section 3672, Hill's Ann. Laws, is identical with section 1192 of the Code of Civil Procedure of Cali- fornia, and the supreme court of that state, interpret- ing its statute, held that a complaint which sought to charge the real property of the owner with improve- ments made thereon by a tenant, and averred "that such building was constructed upon the said land with the knowledge of each of said defendants," was not de- fective because it failed to allege that the defendants did not give notice that they would not be responsible for the material furnished by plaintiff.    In *Jewell* v. *McKay*, 82 Cal. 144 (23 Pac. 139), it was held that it was unnecessary to state in the notice of lien that the owner of the land sought to be charged with the cost of improvements made thereon by another had knowl- edge that the work was being done, but that it was sufficient if such knowledge was alleged in the plead- ings and found by the court.

In *Allen* v. *Rowe*, 19 Or. 188 (23 Pac. 901), Mr. Justice STRAHAN, construing section 3672 of our stat- ute, says: "In case some person other than the owner employs a materialman or laborer to furnish material or to do labor upon such land, something more is nec-

essary to reach the title of such owner than to insert
his name in the notice filed with the county clerk and
to say that he is such owner or reputed owner." And
further in the opinion the learned justice says: " Un-
der this section, when the owner of the land did not
employ the laborer or materialman to furnish the ma-
terials, but the same was done by some other person,
it must have been done with the knowledge of the
owner or person having or claiming an interest in the
land.  In such case knowledge of the owner or person
having or claiming an interest must exist and be
shown as a fact.  When this fact does appear the lien
reaches and binds his interest, unless he relieved him-
self in the manner provided in the section by posting
the notice within three days after he obtained such
knowledge.  I have looked carefully through the
pleadings and evidence to see if the fact in any man-
ner appeared, but am unable to discover it."  The
language here quoted seems to leave the inference
that if the knowledge of the owner was established by
evidence, it is sufficient without any allegation to that
effect; but if this language was so intended, we can-
not concur in the conclusion reached, for when
another has made improvements to the owner's land
the latter's interest therein can be reached only in
consequence of his knowledge and failure to give the
required notice, and when he remains silent under
such circumstances the statute permits the lienor to
invoke the doctrine of an estoppel *in pais,* and the
burden of proof being upon him to establish the par-
ticular fact which confers the right, he must, as a con-
dition precedent to its exercise, allege the owner's

knowledge of the construction, alteration or repair of a building upon his land by another before he is entitled to the relief which the statute affords: *Pilz* v. *Killingsworth*, 20 Or. 432 (26 Pac. 305); *Cross* v. *Tscharnig*, 27 Or. 49 (39 Pac. 540). The complaint, having omitted this material allegation, fails to state facts sufficient to constitute a cause of suit, and hence the decree is affirmed.

<div align="right">AFFIRMED.</div>

<div align="center">

Decided February 28; rehearing denied June 20, 1898.