RUSSELL et al. v. HAYNER et al.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1904.)

No. 1,015.

1. MECHANICS' LIENS—STATUTES—CONSTRUCTION.

Civ. Code Alaska, §§ 262, 265, 266 (31 Stat. 534, c. 786), providing for and authorizing the foreclosure of mechanics' liens, should be liberally construed, but such lien, being of purely statutory creation, can be established only by a substantial compliance with the statute.

2. SAME—OWNER OF BUILDING—STATEMENT.

Under Civ. Code Alaska, § 262 (31 Stat. 534, c. 786), providing that every builder shall have a lien on a building erected or material furnished or labor performed thereon at the instance of the owner of the building, etc., and section 266, making it the duty of every original contractor within a specified time to file with the recorder a claim, with the name of the owner or reputed owner, if known, a statement of a lien, and a complaint to foreclose the same, failing to state the name of the owner of the building, or to state that the name of the owner was unknown, was insufficient, though it stated the name of the holder of the legal title to the land, and the name of a vendee at whose instance the building was erected.

**3. SAME.**

In order to establish a mechanic's lien under Civ. Code Alaska, § 262 (31 Stat. 534, c. 786), providing that every mechanic, builder, etc., performing labor on or furnishing material, shall have a lien on the same for work or labor done or material furnished at the instance of the owner of the building or other improvement, or his agent, etc., it must be alleged and proved that the work or labor was done "at the instance of the owner of the building or his agent"; a mere allegation that plaintiffs erected the structure at the instance of one who was in possession of the land under a contract to purchase with the owners being insufficient.

**4. SAME—KNOWLEDGE OF OWNER.**

A mechanic's lien cannot be established under Civ. Code Alaska, § 265 (31 Stat. 534, c. 786), providing that every building or other improvement constructed on any land with the knowledge of the owner, or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner, etc., where it did not appear from the complaint that the owners of the lot on which the building was erected had any knowledge of the contract made by the person in possession, under a contract of purchase, with the contractors, for the construction of a building, or that the building was constructed at the instance of such owners.

**5. SAME—FEDERAL COURTS—LAW AND EQUITY.**

Since the distinctions between law and equity are preserved in the federal courts, where the complaint in a suit in equity to foreclose a mechanic's lien in a federal court was insufficient for that purpose, it was not sustainable for the purpose of permitting plaintiffs to recover a personal judgment against the person liable on the contract.

Appeal from the District Court of the United States for the Second Division of the District of Alaska.

This is a suit in equity to foreclose a mechanic's lien under the provisions of the Code of Alaska. Section 262 of the Civil Code reads as follows: "Every mechanic * * * builder, contractor, * * * and other persons performing labor upon or furnishing material * * * shall have a lien upon the same for the work or labor done or material furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder, or other person having charge of the construction, alteration, or repair, in whole or in part, of any building or other improvement as aforesaid shall be held to be the agent of the owner for the purposes of this Code." Section 265 provides that "every building or other improvement mentioned in section 262 constructed upon any lands with the knowledge of the owner, or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein; and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this Code, unless such owner or person having or claiming an interest therein shall, within three days, after he shall have obtained knowledge of the construction, alteration, or repair, give notice that he will not be responsible for the same, by posting a notice in writing to that effect in some conspicuous place upon the land, or upon the building or other improvement situated thereon." Section 266 makes it the duty of every original contractor within a specified time to file with the recorder "a claim * * * with the name of the owner or reputed owner, if known." 31 Stat. 534, c. 786.

The court below sustained a demurrer to the complaint interposed by defendants Helen F. Hayner and Robert Hayner, her husband, upon the ground that the plaintiffs' lien is defective, and the complaint "does not state facts sufficient to constitute a cause of action," and, the plaintiffs having elected to stand on their complaint, the court ordered the suit to be dismissed, and that Helen F. Hayner and Robert Hayner have judgment for their costs. From this judgment the appeal is taken.

---

¶ 3. See Mechanics' Liens, vol. 34, Cent. Dig. §§ 225, 231.

The material allegations of the complaint necessary to be considered are "that Charles Seipel and Leo Bartz are the owners of that certain parcel of ground in Council City [describing it by metes and bounds as the southwest quarter of lot No. 3 in block No. 13]; that Helen F. Hayner is the occupant of the said premises by virtue of an agreement of purchase with the said Leo Bartz and Charles Seipel; * * * that on the 6th day of March, 1903, plaintiffs entered into a written contract with defendant Helen F. Hayner." The complaint also sets forth the contract between Helen F. Hayner and W. H. Russell and W. Myers. The lien of appellants, which is attached to the bill of complaint, after describing the land as set forth in the complaint, states "that Leo Bartz and Charles Seipel are the names of the owners of the said property, and that Helen F. Hayner is the name of the party who occupies the said property under an agreement to purchase, and is the name of the party with whom the contractors entered into a written agreement for the erection of the said building."

Sullivan & Fink, Gordon Hall, and Albert Fink, for appellants.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge (after making the foregoing statement). Did the court err in sustaining the demurrer and in entering judgment against the appellants?

The act relating to mechanics' liens should be liberally construed. The evident spirit and purpose of the act is to do substantial justice to all parties who may be affected by its provisions, and the courts should avoid unfriendly strictness and mere technicality. Springer Land Ass'n v. Ford, 168 U. S. 513, 18 Sup. Ct. 170, 42 L. Ed. 562; Salt Lake H. Co. v. Chainman M. & E. Co. (C. C.) 128 Fed. 509; Hooven v. Featherstone's Sons, 111 Fed. 81, 91, 49 C. C. A. 229. But in following this rule courts should always be careful not to impair the force of the statute or fritter away its meaning by construction. Davis v. Alvord, 94 U. S. 545, 549, 24 L. Ed. 283; Malter v. Falcon M. Co., 18 Nev. 209, 212, 2 Pac. 50. A mechanic's lien is purely of statutory creation, and can only be maintained by a substantial observance and compliance with the provisions of the statute. Whatever is made necessary to the existence of the lien must be performed, or the attempt to create it will be futile. A substantial adherence to the terms of the statute in the notice of the lien is indispensable. Phill. on Mech. L. (3d Ed.) § 9.

The merits of this case, as against Leo Bartz and Charles Seipel, or any other of the parties made defendants herein on the ground that they claim to have some interest in the property, are not involved upon this appeal. The sole question to be determined is whether or not the complaint states facts sufficient to constitute a cause of action against the appellees. There is no direct averment in the complaint, nor any positive statement in the lien, as to the name of the owner of the building, or any statement therein that the owner thereof was unknown. There is considerable diversity of opinion in the state courts as to whether the allegation of the ownership of the building is to be considered essential or not. This conflict arises principally upon the language of the statutes of the particular states. The weight of authority seems to be that, where the statute requires it, the name of the owner, if known, must be stated, and, if the name of the owner is unknown, that fact ought to be stated, and the name of the reputed owner given; that these

facts ought to be stated, independent of the description of the property, in a direct, clear, and positive manner. Phill. on Mech. L. (3d Ed.) § 345, and authorities there cited; Boisot on Mech. L. 379, and authorities there cited.

But even if it could be held that the allegation as to the ownership of the building was sufficient, still the complaint would be defective, because the statement in the lien that Leo Bartz and Charles Seipel are the names of the owners of the lot of land upon which the building was erected, and that Helen F. Hayner was the name of the party who was under an agreement to purchase, and that she was the person who entered into an agreement with the person for the erection of the building, is not sufficient to constitute a compliance with the provisions of the Alaska Code. In Cross v. Tscharnig, 27 Or. 49, 39 Pac. 540, it was expressly held that knowledge by the owner of land that improvements are being made on his land is necessary to sustain a lien thereon for work or materials used in such improvement; that a mechanic's lien claim which states that the material was furnished to one person, and that the land was owned by another, but does not state that the material was furnished at the request of the owner, is fatally defective, though it alleges that the person to whom the material was furnished was in possession of the land under a contract of purchase with the owner.

The mere fact that appellants built the structure at the instance of Hayner, who was in possession of the land under a contract of purchase with the owners, is not, of itself, sufficient to constitute a valid lien upon the building. In order to bring the case within the provisions of section 262, it must be alleged and proved that the work or labor was done "at the instance of the owner of the building, or his agent," for it is only where such facts appear that the provisions of section 262, to the effect that "every contractor, * * * builder, or other person, having charge of the construction * * * of any building as aforesaid, shall be held to be the agent of the owner for the purpose of this Code, * * *" applies. To authorize a lien under the provisions of this section, there must be an employment by the owner of the building, or his authorized agent, and the employment of the contractors by Helen F. Hayner, who was occupying the land under a contract of purchase, does not constitute the employment contemplated by this provision of the Code. Gould v. Wise, 18 Nev. 253, 258, 3 Pac. 30.

It does not appear from the complaint that the owners of the lot had any knowledge of the contract made by Hayner with appellants for the construction of the building, or that it was constructed at their instance. In order to bring the case within the provisions of section 265 of the Alaska Code, it was necessary for the appellants to have alleged in the complaint or lien that the building was constructed upon the land "with the knowledge of the owner or the person having or claiming any interest therein," for it is only in such cases that this section provides that it shall be held to have been constructed "at the instance of such owner or person or persons having or claiming any interest therein," unless the owner gives the notice therein prescribed, and this notice is not required to be given until after the owner shall have obtained "knowledge of the construction" of the building.

We have not overlooked the contention made in the brief of appellants to the effect that the answer of Bartz and Seipel, which is contained in the record, shows that the owners of the lot had knowledge of the erection of the building, and that it was constructed at their instance and request; but there is nothing alleged in the complaint or lien to that effect, and the answer of the owners of the lot cannot be considered by this court in determining the question before us—as to whether the complaint states facts sufficient to constitute a cause of action against appellees herein. The fact is that appellants were given the opportunity to amend their complaint, and, if there were any material facts that would show knowledge on the part of the owners of the lot, etc., they should have amended their complaint so as to properly present such facts to the court.

It is also claimed that in any event the court erred in sustaining the demurrer interposed by appellees, because the complaint shows facts sufficient to entitle appellants to recover a personal judgment against appellee Helen F. Hayner for whatever sum might be found due upon her contract with appellants. This might be true under the provisions of state codes which have abolished all distinctions existing under the common law as to suits in equity or actions at law, or under a state statute which expressly provides in the act relating to mechanics' liens that such a course may be pursued. But this is purely an equity suit, wherein appellants seek relief only under "the benefits of the law relative to the liens of mechanics and others." They could doubtless bring an action at law to recover a judgment against Helen F. Hayner for whatever amount of money is found due under the contract.

Upon the whole case, we are of opinion that the ruling of the court below was correct. The judgment of the District Court is affirmed, with costs.