JORGENSEN CO. v. SHELDON et al.

(First Division. Juneau. December 4, 1905.)

No. 438a.

1. MECHANICS' LIENS—LAW LIBERALLY CONSTRUED.

The courts in fixing a rule of construction of these laws look to the statutes themselves to ascertain whether they should be strictly or liberally interpreted. *Held*, that the provisions of the mechanic's lien law of Alaska shall be liberally construed.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 5.]

2. SAME—FORECLOSURE—COMPLAINT—SUFFICIENCY.

Where a complaint in foreclosure of a mechanic's lien fails to allege and set out a substantial observance and compliance with the statute in the matter of the notice of lien, it is bad on demurrer.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 508.]

Crews & Hills, for plaintiff.

E. M. Barnes, for defendant Sheldon.

GUNNISON, District Judge. This is a demurrer interposed by one of the defendants to a complaint in a suit to enforce a materialman's lien. The complaint alleges that plaintiff is a duly organized corporation, formed to transact business in the District of Alaska; that the board of church extension of the Methodist Episcopal Church is the owner and reputed owner of certain lots located in Juneau, in said district, and that the defendant board contracted with the defendant Sheldon for the erection and construction of a certain church building on said lots; that at the special instance and request of the said Sheldon plaintiff furnished certain materials which were used by the defendant Sheldon in the erection and construction of the said church building; that plaintiff duly filed for record with the commissioner and recorder of this precinct a lien for

the amount due; and the prayer is that plaintiff may have judgment against the defendant Sheldon for the amount of the lien (specifying it), with interest and costs, and that it may be decreed that plaintiff have a lien upon the ground and building for such amount and costs, and that the lands and building may be sold, and the proceeds applied to the judgment.

To this complaint the defendant Sheldon demurs upon the grounds: First. That several causes of action are improperly united, in this: there is an action at law and a suit in equity united in the same complaint and in the same count thereof. Second. That there is a defect in the parties defendant, in this: there is no unity of interest between the defendants. Third. That said complaint does not state facts sufficient to constitute a cause of action.

This action is brought under chapter 28 of the Civil Code of Alaska. The lien and right of action thereon are entirely creations of statute. No such right existed under the common law or in equity. Phillips on Mechanics' Liens (3d Ed.) 3. The purpose of legislatures in enacting mechanic's and material-men's lien laws is obviously for the protection of the mechanic, insuring to him the fruits of his labor, and providing the materialman with a speedy and efficacious mode of collecting his pay for materials furnished. The courts, in fixing a rule of construction for these laws, look to the statutes themselves to ascertain whether they should be strictly or liberally interpreted. Phillips on Mechanics' Liens, p. 25. Where the particular enactment deals fairly and equitably with both the owner and the lienor, the liberal interpretation seems to be the rule adopted; but where the statute seems to be unnecessarily severe upon one, and in favor of the other, resulting in manifest injustice, the courts have endeavored to relieve the severity, holding the party favored to a strict compliance with the statute. Phillips on Mechanics' Liens, p. 26. The Circuit Court of Appeals for the Ninth Circuit, in considering the mechanic's

lien law of Alaska (Civ. Code, c. 28), has said in Russell v. Hayner, 130 Fed. 90, 64 C. C. A. 424, that:

"The act relating to mechanics' liens should be liberally construed. The evident spirit and purpose of the act is to do substantial justice to all parties who may be affected by its provisions, and the courts should avoid unfriendly strictness and mere technicality."

The complaint, then, should be examined in the light of this rule. Section 262, c. 28, pt. 5, Alaska Civil Code, p. 409, provides that:

"Every mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman, and other person performing labor upon or furnishing material of any kind to be used in the construction, development, alteration or repair, either in whole or in part, of any building, * * * or any structure or superstructure, shall have a lien upon the same for the work or labor done or material furnished, at the instance of the owner of the building or other improvement, or his agent; and every contractor, sub-contractor, architect, builder or other person having charge of the construction, alteration or repair, in whole or in part, of any building or other improvement as aforesaid, shall be held to be the agent of the owner for the purposes of this Code."

The lien given by the section quoted is, by section 263, extended to the land upon which the building—

"Shall be constructed together with a convenient space about the same * * * (to be determined by the judgment of the court), if, when the work was commenced or the materials for the same had been commenced to be furnished, the land belonged to the person who caused the building to be constructed. * * * And every building mentioned in section 262, constructed on any lands, with the knowledge of the owner, or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person, and the interest owned or claimed shall be subject to any lien filed in accordance with the provision of the Code unless such person or owner within three days of obtaining knowledge of the construction shall post a notice disclaiming liability. * * * Section 265."

Materialmen must, within 30 days after furnishing materials, file with the recorder a claim containing a true statement of

his demand, with the name of the owner or reputed owner, if known, and the name of the person to whom he furnished the materials, and a description of the property to be charged, if he would hold a lien for his materials.   Section 266.

The suit for the foreclosure of the lien must be commenced before the proper court within six months after the lien shall have been filed.   Section 268.   By section 270 it is provided that "the pleadings, process, practice and other proceedings shall be the same as in other cases."   But later in the same section it is declared that the proceedings upon the foreclosure of the lien created by the Code are required as "nearly as possible to conform to the proceedings on the foreclosure of a mortgage."

All persons personally liable, all lien holders whose claims have been duly filed, and all other persons interested in the matter in controversy or in the property sought to be charged with the lien, may, under section 270, be made parties.   The court, in Russell v. Hayner, supra, remarks that a mechanic's lien "can only be maintained by a substantial observance and compliance with the statute.   Whatever is made necessary to the existence of the lien must be complied with, or the attempt to create it will be futile."

Plaintiffs have failed to set up in their complaint the one act that makes this suit possible; that is, their allegation of the notice of lien is defective.   They do not allege even a substantial compliance with the statute at the inception of this proceeding.   The Civil Code (section 266) requires that the notice of lien filed with the recorder set up certain facts.   Plaintiffs' allegation as to the notice of the lien fails to show that the notice filed contains these statements.   Without such statements, plaintiffs would not even substantially comply with the statute, and hence the lien would not be created.   Without the creation of a lien, plaintiffs could not succeed in this suit.   Not only should plaintiffs state those essential facts, as required by the

Civil Code, § 265, but it occurs to the court that the better practice would be to plead the notice verbatim, or attach a copy thereof, and make it a part of the complaint.

Obviously, the complaint does not state facts sufficient to constitute a cause of suit to foreclose a mechanic's lien. The demurrer is sustained.