## BLOOM et al. v. McCLUSKEY et al.

Fourth Division. Fairbanks. October 26, 1925.

No. 2769.

1. **Mechanics' Liens** ⚖132(1), 271(15)—**Time of Filing Liens—Pleadings.**

   The statute in Alaska (Comp. Laws 1913, § 695, as amended by Laws 1915, c. 5) provides that every original contractor must file his lien within 90 days, and that every mechanic, artisan, etc., shall file his lien within 60 days after the completion of the work. *Held*, where the lien is not filed within the statutory period, the notice of lien is void, and, if the fact is shown on the face of the complaint, the pleading states no cause of action.

2. **Mechanics' Liens** ⚖157(5)—**Unauthorized Items Included in the Notice of Lien.**

   The lienor, in his notice of lien, included an amount of $100 alleged to be for the transportation of the lienors and their tools, which it is alleged the owner agreed to pay. This claim was not made in good faith. Where a lien claimant includes in his lien statement an item of this character, he loses his lien.

---

⚖See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity to foreclose an alleged mechanic's lien under the provisions of chapter 28, Compiled Laws of Alaska, and chapter 5 of the Session Laws of Alaska of 1915, amending section 695 of the Compiled Laws aforesaid.

Briefly, the complaint alleges: That plaintiffs performed work as laborers and carpenters under written contract for the defendant J. W. McCluskey in the construction of a certain building near the town of Richardson, Alaska, known as "Mc-Cluskey's Roadhouse"; the building being a two-story building, except for the dining room and kitchen. That prior to the completion of the building another verbal contract was entered into for the putting on of a second story on a portion of the building, and that McCluskey was to furnish transportation for the workmen and tools from Fairbanks to Richardson, and all materials for the construction. That under the original contract the sum of $1,544 is due, and that by the amendment of the contract the further sum of $1,300 is due, and that $100 is due to reimburse plaintiffs for the expense of transporting themselves and tools from Fairbanks to Richardson, and that they have received on account the sum of $1,608.50, leaving a net balance due complainants of $1,335.50, for which amount the lien is sought, together with legal interest and $250 attorney's fees, and $10 for preparing lien, and $5.40 for filing and recording same.

It is further alleged in the complaint that all the work and labor was done and performed between the 25th day of March, 1924, and the 3d day of July, 1924, and that no work was done after the last-mentioned date, because of the failure of McCluskey to furnish any further materials, and that plaintiffs and McCluskey at said time agreed that plaintiffs would return and complete said building on receiving notice from defendant McCluskey that materials for its completion had been provided by him, and that McCluskey failed to furnish any further materials up till the 9th day of January, 1925, when he notified plaintiffs that he would complete said building personally, and that he (McCluskey) therefore terminated said written contract for the construction of said building.

It is further alleged that on the 22d day of January, 1925, and within 60 days after McCluskey had terminated the contract in the manner alleged, the plaintiffs, to perfect a lien upon said building and the grounds on which it stands, prepared and

filed for record a notice and claim of lien, containing a true statement of plaintiffs' demand, after deducting all just credits and set-offs, with the name of the owner and reputed owner of said premises and the description of the property to be charged with the lien sufficient for identification, which claim was duly filed and thereafter duly recorded in the Fairbanks recording precinct on the 25th day of January, 1925, as more fully appears from their copy of said notice and claim of lien attached to the complaint.

It is further alleged in the complaint that the remaining defendants, other than McCluskey, claim to have a lien on said building and grounds by virtue of a mortgage which is subsequent to and subject to lien of plaintiffs.

Defendants have filed a demurrer to the complaint, on the ground that the same does not set forth facts sufficient to constitute a cause of action, contending particularly that the lien described in plaintiffs' complaint, which is the basis of plaintiffs' action, is void on its face, for the reason that the said lien was not filed within the time prescribed by law, and because that said lien does not comply with the statutes regarding liens, and does not set forth any labor was performed that was lienable.

R. F. Roth and G. B. Erwin, both of Fairbanks, for plaintiffs.

John A. Clark, of Fairbanks, for defendants.

CLEGG, District Judge. Section 691 of chapter 28, page 338, Compiled Laws of Alaska, provides:

"Sec. 691. Every mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman, and other persons performing labor upon or furnishing material, of any kind to be used in the construction, development, alteration, or repair, either in whole or in part, of any building, wharf, bridge, flume, mine, tunnel, fence, machinery, or aqueduct, or any structure or superstructure, shall have a lien upon the same for the work or labor done or material furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder, or other person having charge of the construction, alteration, or repair, in whole or in part, of any building or other improvement as aforesaid shall be held to be the agent of the owner for the purposes of this Code."

Section 695, Compiled Laws of Alaska, amended by chapter 5, Session Laws of Alaska of 1915, provides:

"It shall be the duty of every original contractor, within ninety days after the completion of his contract, and of every mechanic, artisan, machinist, builder, lumber merchant, laborer, or other person save the original contractor, claiming the benefit of this Code, within sixty days after the completion of the alteration or repair thereof, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, to file with the recorder of the precinct in which such building or other improvement, or some part thereof, shall be situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with the lien sufficient for identification, which claim shall be verified by the oath of himself or of some other person having knowledge of the facts."

It will be observed that section 691, above quoted, states that the persons mentioned who performed labor upon the "construction, development, alteration, or repair, either in whole or in part, of any building," etc., and that under this section a contractor, artisan, or builder shall have a lien for his labor upon such building for either the whole of the construction thereof or part thereof. The statute says, "Construction * * * either in whole or in part," and section 695, as amended, above quoted, in providing the time and manner in which a lien may be claimed and filed, provides that the original contractor shall file the same within 90 days after the completion of his contract, and the artisan or builder within 60 days after he has ceased to labor thereon from any cause. These two sections of our mechanic's lien laws must be read and construed together, and as applied to an original contractor, in computing the time from which he must file his claim of lien, they provide that he must file it within 90 days from the date of the completion of his contract or within 90 days from the date of the construction of the building, or any part of such construction, under the contract, and, as they are applied to the case of an artisan or builder, that he must file his claim of lien within 60 days after he has ceased to labor in its "construction, development, alteration or repair either in whole or in part."

It appears from the complaint and from the notice of lien that the contract alleged therein, as amended, under which plaintiffs claim, states that all work ceased on the 3d day of

July, 1924, and was never resumed; but it is further claimed in both complaint and notice that the contract was terminated by McCluskey on the 9th day of January, 1925, and it is further alleged in the complaint that plaintiffs' notice of lien, under which they claim, was filed within 60 days after the defendant McCluskey had terminated said contract.

It further appears from the complaint and notice of lien that these plaintiffs, as original contractors, and nobody else performed the work under the contract, and if they are entitled to the lien claimed they would therefore be entitled to it either as original contractors or as artisans or builders, that is, it was optional with them whether they filed their notice of lien within 90 or within 60 days from the 3d day of July, 1924. from the fact that it is claimed in the complaint that they filed their lien within "60 days," it is assumed that the lien is claimed, not as original contractors, but as artisans or builders; but the fact that it is claimed, also in the complaint, that the lien was filed within 60 days after McCluskey had terminated the contract, leads the court to the conclusion that plaintiffs claim a lien as original contractors.

However, the statutes above referred to say nothing at all about "termination of contract" by one party or the other. With reference to original contractors, the language of the statute is: "Within ninety (90) days after the completion of the contract."

The court may at once leave out of consideration the question whether, under the facts stated, either in the complaint or notice of lien, plaintiffs have a right to a lien on the building and premises described as artisans or builders, for the reason that the statute is explicit when it says that they must file a lien within 60 days after they have ceased to labor thereon. Manifestly, by the complaint and notice of lien, the plaintiffs ceased to labor on the building on the 3d day of July, 1924, and they had from that day until the 1st day of September, 1924, within which to file their notice of lien. Horn v. U. S. Mining Co. et al., 47 Or. 124, 81 P. 1009. This they failed to do, and therefore, if they claim as artisans or builders, their right to a lien has long since expired, and their notice of lien is void on its face.

The further question, whether plaintiffs' lien is valid as a lien of an original contractor, remains to be determined. As hereto-

7 A.R.—23

fore stated, it appears from the complaint and notice of lien that the work in the construction of the building was not completed under the terms of the contract at any time after July 3, 1924, and that they never resumed work thereon between July 3, 1924, and January 9, 1925, during which time and in the month of November, 1924, one of the plaintiffs died, and that on the 9th day of January, 1925, the plaintiffs acquiesced in the declaration of the defendant (McCluskey) that he would complete the building himself. It is alleged, however, in the complaint that on the 3d day of July, 1924, McCluskey refused to furnish any further materials for the construction of the building, notwithstanding that he had agreed to do so under the contract, thereby preventing plaintiffs from completing the contract at said time, and that it was then agreed between plaintiffs and McCluskey that plaintiffs would return and complete said building on receiving notice from defendant McCluskey that the materials for the completion of the building had been provided by him.

It was alleged in the notice of lien on this subject that on the 3d of July, 1924, McCluskey failed to furnish the materials to complete the floors, windows, roofing, and other parts of said building, for various reasons of his own, and it became necessary for plaintiffs to leave, but that said parties, to wit, plaintiffs Williamson, Yarger, Cameron, and Lutes, agreed to return and complete said building on receiving notice that the materials for the completion of the same were provided by the said McCluskey. In other words, the complaint alleges that McCluskey was a party to the agreement that plaintiffs would return and complete the building on receiving notice that McCluskey had furnished the materials to complete it, and the notice of lien alleges that he (McCluskey) was not a party to this agreement; but, whether he was or not, no agreement between parties to a building contract can extend the time provided by law in which a lien claimant may file his claim of lien.

In this connection it may be pointed out here that, both in the complaint and notice of lien, plaintiffs claim the full amount due under the original contract and under the contract as increased by amendment, and ask judgment for that amount. Apparently in their judgment the building was fully completed, or at least substantially completed, under the terms of the contract as amended, and the work necessary to be done on the

building in completing the "floors, window, and roofing and other parts of the building," as alleged in the complaint, was so slight and trivial in their estimation that they regarded the contract as completed; otherwise, they would not demand a lien for the full contract price, when the lien statute itself says that the lien is given for labor upon the building. In other words, why should they claim a lien for that part of the work which they did not perform, confessedly, if they did not regard it as fully complete or substantially so? McCluskey, too, from the allegations of the complaint and notice regarded the contract as completed on July 3, 1924; otherwise, he would have specifically agreed that the plaintiffs should return within some reasonable time and complete the work, or he would not state on January 9, 1925, he could very well dispense with the services of the contractors and finish the work himself.

The facts set out in the notice of lien and in the complaint warrant the court in concluding that the building, if not fully and entirely completed according to contract, was substantially so completed, and was so regarded by the contracting parties, on the 3d of July, 1924, and the delay in filing a notice of lien until the 9th of January, 1925, under all facts pleaded, was inexcusable, and deprives the plaintiffs of their right to a lien as original contractors. The notice of lien as such should have been filed not later than the 1st day of October, 1924, and the parties could not, by mutual indulgence, lengthen or extend the time fixed by the statute. According to the authorities, the notice of lien must show that it was filed within the time prescribed by statute. Russell v. Hayner (C. C. A.) 130 F. 90; Pilz v. Killingworth, 20 Or. 432, 26 P. 305; Smith et al. v. Wilkins (Or.) 48 P. 708; Jorgensen v. Sheldon et al., 2 Alaska, 607. For this reason, the notice of lien is void, and the complaint states no cause of action.

The second ground of demurrer noticed in this opinion is that the claim of lien does not comply with the statute, in addition to the fact that the complaint and notice of lien shows the latter was not filed in time. The notice does not contain a true statement of plaintiff's demand. One hundred dollars of the amount demanded is alleged to be for transportation of the plaintiffs and their tools from Fairbanks to Richardson, which, it is alleged, McCluskey agreed to pay, but which plaintiffs paid. A mere glance at the lien statutes quoted is sufficient to show

that this claim of $100 is not made in good faith; and if the plaintiffs did not already know, the exercise of reasonable diligence by the plaintiffs would have enabled them to know, that a statutory lien allowed for labor done upon a building does not embrace expenses of transportation. And, where a lien claimant includes in his lien statement an item of this character, the authorities are universal that he loses his lien., Robinson v. Brooks, 31 Wash. 60, 71 P. 721; Nicolai Bros. Co. v. Van Fridagh et al., 23 Or. 149, 31 P. 288. In this case Justice Bean cites with approval from the case of Gibbs v. Hanchette, 90 Mich. 657, 51 N. W. at page 691, as follows:

"There is good reason for requiring strictness, accuracy, and truthfulness in filing these statements. They are proceedings ex parte and in invitum, as to those against whom they are aimed. The effect is to tie up the property, to prevent sales, and the raising of money by mortgage. * * * Lienors, with knowledge of the status of the account, or with information thereof at their disposal, cannot be excused for a failure to file this truthful statement, so wisely and clearly required by the statute. To hold otherwise would result in offering a premium for thoughtlessness and carelessness, and in establishing liens contrary to the provisions of law."

For the foregoing reasons, the demurrer to the complaint is sustained, and, as these objections cannot be corrected by amendment, the case is dismissed, at plaintiffs' costs.